# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**ANTWION LASHAE GILLESPIE** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:07-CR-96 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the _____ safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 29-year-old adult male who has been unemployed since 2005, with apparently some limited work history prior to that time. He was born and has remained in Flint his entire life. Defendant's criminal history spans his adult life, although a good share of his contacts with the police have resulted from automotive-related offenses.

Defendant has a very poor record while on probation. He was placed on probation for one year in 2004, during which time he tested positive for drug use on five separate occasions, and failed to complete (continued on attached page)

### Part II - Written Statement of Reasons for Detention

find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the defendant's presence in court, and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, in that defendant is likely to continue to be involved in drug trafficking. Arguably, the presumption that defendant is a flight risk is rebutted by the fact that he has not left Genesee County during the past year, although there are two warrants outstanding (continued on attached page)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: April 19, 2007 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:07-cr-00096-GJQ ECF No. 24 filed 04/20/07 PageID.48 Page 2 of 2

United States v. **ANTWION LASHAE GILLESPIE**
1:07-CR-96
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

an out-patient substance abuse counseling program. He failed to report to the probation office that he had been arrested in March 2005 on new drug charges. Defendant was charged with and convicted of drug offenses involving both cocaine and marijuana and was eventually released to a substance abuse intake treatment facility, from which he absconded. He has been in absconder status on two warrants from this incident. Defendant acknowledged using an ounce of marijuana a day since absconding.

Defendant failed to appear for a pretrial hearing on April 28, 2004, and was found in contempt of court. This underlying charge of operating a vehicle while intoxicated arose after defendant was found by police passed out in the driver's seat of a vehicle in the roadway.

Defendant also failed to appear for a show cause hearing in 1998.

Defendant was also on probation when the charge in the present case allegedly occurred.

**Part II - Written Statement of Reasons for Detention - (continued)**

for his arrest. Even so, defendant has offered nothing to rebut the presumption that he is a continuing danger to the community due to his drug dealing. While defendant does have some community ties to Flint (although not this district), community ties are a matter of lesser consideration among the factors to be considered in determining whether a defendant ought to be detained, according to the legislative history of the Bail Reform Act.

The court finds defendant is suffering from a substance abuse problem which has rendered him unable to conform his behavior to the trust placed in him by the court on previous occasions (i.e., when he was placed on probation). He has repeatedly tested positive for drug use while on probation, has failed to complete substance abuse counseling and has walked away from an inpatient treatment facility. He has admitted using marijuana on a daily basis since absconding from the treatment facility in April 2006.

Alternatively, if defendant is in control of himself, he has blatantly defied the court's supervision while on probation by absconding, abusing drugs on a daily basis, and apparently going out of state to traffick in cocaine as charged in the Indictment. Either way, the Pretrial Services office would be unable to properly supervise such an individual, and there is nothing the court can do short of confinement to assure his appearance in court and prevent his continued drug trafficking.